UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHANTEL MARIE THURMAN, | CASE NO. C12-80MJP |
| Plaintiff, | ORDER DENYING MOTION FOR LEAVE TO APPEAL |
| v. | |
| UNITED STUDENT AID FUNDS, INC.; SALLIE MAE, INC.; and WINDHAM PROFESSIONALS, INC., | |
| Defendant. | |

This matter comes before the Court on Defendant Educational Credit Management Corp.'s motion for leave to appeal the bankruptcy court's grant of partial summary judgment in favor of Plaintiff. (Dkt. No. 1.) Having reviewed the motion, Plaintiff's opposition (Dkt. No. 3), Defendant's reply (Dkt. No. 4), and the remaining record, the Court DENIES the motion for leave to appeal.

**Background**

Plaintiff Chantel Marie Thurman filed a pro se voluntary petition for relief under Chapter 7 of the Bankruptcy Code in 1997. In re Chantel Marie Thurman, Case No. 97-10126 (Bankr.

W.D. Wash. Filed July 29, 1997). The bankruptcy court entered an order on Nov. 5, 1997, providing that Thurman was "released from all dischargeable debts." (Dkt. No. 1 at 13.)

Nearly 14 years later, on April 18, 2011, Thurman initiated an adversary proceeding against United Student Aid Funds, Inc. by filing a complaint in the same bankruptcy court to determine the dischargeability of her student loan debt, which she owed at the time she filed her original Chapter 7 case in 1997. (Dkt. No. 3 at 2.) On June 27, 2011, the bankruptcy court entered an order substituting Defendant Educational Credit Management Corporation ("ECMC") for United Student Aid Funds, Inc. ("USAF"). (Id.)

On Dec. 12, 2011, the bankruptcy court entered an order granting Thurman partial summary judgment, ordering that "Thurman's complaint in the above-referenced adversary proceeding is not barred by the doctrine of res judicata." (Dkt. No. 1-2 at 2.) The bankruptcy judge explained that "bringing the adversary proceeding is not a collateral attack on this order" because "[t]hese type s of actions under [11 U.S.C. §] 523(a)(8) are actions to determine whether the claim is one that either was or was not discharged by the general discharge order, but it's not somehow relitigating or attacking the finality of the order." (Dkt. No. 1 at 16-17.)

Defendant filed the present motion for leave to appeal asking for the Court to reverse the bankruptcy court's ruling that Thurman's new complaint is not barred by res judicata. (Id. at 4.) Specifically, Defendant asks the Court to answer the following question: "Does a bankruptcy court have authority to alter or amend a 14-year-old discharge order, where the order has become final and the bankruptcy case closed?" (Id.) Plaintiff argues that interlocutory appeal is inappropriate here because there is no substantial ground for difference of opinion on whether Thurman's complaint is barred by res judicata. (Dkt. No. 3 at 3.)

**Discussion**

I.   Standard of Review

Defendant brings this motion for leave to appeal under 28 U.S.C. § 158(a)(3), which gives district courts the jurisdiction to grant leave to hear an appeal from an interlocutory order of the bankruptcy court. The Bankruptcy Rules do not provide guidance as to when a district court should grant leave to hear an interlocutory appeal. Fed. R. Bankr. P. 8003. However, district courts have generally looked to 28 U.S.C. § 1292(b), governing the appealability of interlocutory orders from district courts to courts of appeals, as the closest analogue. See, e.g., Nazarov v. Gedulin, No. C10-1816JLR, 2011 WL 9393, at 2 (W.D. Wash. Jan 3, 2011).

Section 1292 permits interlocutory appeals where the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Plaintiff bases her objection to Defendant's motion solely on the argument that there is no substantial ground for difference of opinion on the issue of whether her complaint is barred by res judicata. (Dkt. No. 3 at 3.)

Here, there is no substantial ground for a difference of opinion as to whether Plaintiff's new complaint is barred by res judicata. "A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed. Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." Reese v. BP Exploration (Alaska), Inc., 643 F.3d 681, 688 (9th Cir. 2011). Here, there is no substantial ground for a difference of opinion over whether Plaintiff's adversary action is barred by res judicata.
ORDER DENYING MOTION FOR LEAVE TO APPEAL- 3

II. Res Judicata

Res judicata does not bar the present action because the issue of undue hardship presented by Plaintiff has never been actually litigated and determined by a valid final judgment. See Espinosa v. United Student Aid Funds, Inc. 553 F.3d 1193, 1199 (9th Cir. 2008), aff'd, 130 S. Ct. 1367 (2010). While the bankruptcy court's entry of the discharge order releasing Plaintiff from "all dischargeable debts" is conclusive on that point, the order reserves the question of what debts are "dischargeable." (Dkt. No. 3 at 6.) This is precisely what the bankruptcy judge said when he ruled that "bringing the adversary proceeding is not a collateral attack on this order" because it is being brought "to determine whether the claim is one that either was or was not discharged by the general discharge order." (Dkt. No. 1 at 16-17.)

The original discharge order makes clear that it is not final with regard to determination of what debts are dischargeable. See Restatement (Second) of Judgments § 26(1)(b) (1982); Dodd v. Hood River County, 59 F.3d 852, 862 (9th Cir. 1995) (preclusion does not apply where a court expressly reserves the right to maintain a second action). The original general discharge order states, "Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor with respect to . . . debts dischargeable under 11 U.S.C. Sec. 523." (Dkt. No. 1 at 13.) Together, the word "dischargeable" and the nullification of judgments in "other" courts reserve a plaintiff's right to bring future actions in bankruptcy court to determine what debts are dischargeable under the prior order.

The statutory language makes it clear that an adversary proceeding to determine dischargeability of a student loan may be brought at any time. See 11 U.S.C. § 350(b); Fed. R. Bankr. P. 4007(b). Because there are no time limitations on when an action can be filed, courts have held that a student may consider reopening a bankruptcy case to seek a hardship discharge

when the student's situation changes, even after the case is closed. In re Fisher, 223 B.R. 377 (Bankr. M.D. Fla. 1998).

At the time Plaintiff filed her initial Chapter 7 case, the Bankruptcy Code provided that a "discharge under section 727 . . . does not discharge an individual debtor from any debt . . . for an educational . . . loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, . . . unless . . . excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)98)(B) (1994) (amended 1998 and 2005). The code explicitly permits a Chapter 7 debtor to bring an adversary proceeding to determine the dischargeability of a specific debt after being granted a general discharge order. See Maxwell v. Mich. Fidelity Acceptance Corp. (In re Maestas), 354 B.R. 844, 846-47 (Bankr. E.D. Wis. 2006). Rather than being barred by res judicata, later actions to determine the dischargeability of student loans are expressly envisioned by the statutory language.

**Conclusion**

Because the present action was brought to determine whether a debt was dischargeable under the terms of the prior order, not to collaterally attack that order, there is no substantial ground for a difference of opinion as to whether Plaintiff's new complaint is barred by res judicata. Therefore, Defendant's motion for leave to appeal the interlocutory order of the bankruptcy court is DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 21st day of March, 2012.

Marsha J. Pechman
United States District Judge